UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

GARY CHARLES,

                                           Plaintiff,          **FIRST AMENDED**

       -against-                                    **COMPLAINT**

THE CITY OF NEW YORK, POLICE OFFICER      13 CV 466 (RJD) (VVP)
MATTHEW HAUSWIRTH, tax # 947067, POLICE
OFFICER REYMUNDO NAVEDO, tax # 922861,      Jury Trial Demanded

                                      Defendants.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.     Plaintiff brings this civil rights action against the City of New York and two New York City Police Officers alleging that, on October 11, 2012, defendants violated his rights under 42 U.S.C. § 1983, the Fourth and Sixth Amendments to the United States Constitution and New York state law by falsely arresting him, illegally strip searching him, using unreasonable force on him and denying him a fair trial. False charges of possession of marijuana were adjourned in contemplation of dismissal on January 23, 2013. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.     Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claims of false arrest, assault, battery

and vicarious liability which form part of the same case and controversy as his federal claims under Article III of the United States Constitution.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is subject to personal jurisdiction in this District and because the incident in question occurred in this District.

## JURY TRIAL

5. Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## NOTICE OF CLAIM

6. With respect to plaintiff's state law claims, a notice of claim was duly filed with the City within 90 days of the arrest of plaintiff, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiff's state law claims.

## PARTIES

7. Plaintiff is a resident of Brooklyn.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. The individual defendants are members of the New York City Police Department ("NYPD"). The individual defendants were acting under color of state law and in their capacities as members of the NYPD at all relevant times. The individual defendants are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The individual defendants are sued in their individual capacities.

## STATEMENT OF FACTS

10. During the early evening of October 11, 2012, plaintiff was exiting his house located at 4305 Clarendon Road in Brooklyn to meet two of his friends when he was seized without probable cause by Police Officers Matthew Mauswirth and Reymundo Navedo.

11. At all relevant times, plaintiff did not commit a crime or violation or engage in suspicious activity.

12. The defendants, acting in concert, strip searched plaintiff at the location of his arrest by searching his genital region.

13. The defendants did not find anything illegal on plaintiff.

14. The defendants, acting in concert, subsequently handcuffed plaintiff and slammed him onto a car.

15. Defendants' use of force upon plaintiff was objectively unreasonable and caused plaintiff pain and injuries.

16. Defendants' seizure and use of force on plaintiff placed him in fear of imminent harmful and offensive physical contacts which injured him.

17. Defendants' seizure and use of force on plaintiff constituted offensive and nonconsensual physical contacts which injured him.

18. Defendants took plaintiff to the 67th Precinct where they falsely charged plaintiff with possession of marijuana.

19. While in the precinct, defendants, acting in concert, caused plaintiff to be illegally strip searched.

20. Defendants' two strip searches of plaintiff were illegal because plaintiff had not committed a crime, there was no reasonable suspicion to believe that plaintiff was hiding

3

illegal items under his clothes, and plaintiff was not being placed in a general jail population at the time of the search.

   21.  Plaintiff was eventually taken to Brooklyn Central Booking.

   22.  While plaintiff was held in Brooklyn Central Booking, defendants, acting in concert, misrepresented to prosecutors that plaintiff was found in possession of marijuana.

   23.  Plaintiff was arraigned in Criminal Court, Kings County, on October 12, 2012, at approximately 11:00 p.m., and released on his own recognizance.

   24.  Defendants' commencement of a prosecution against plaintiff deprived plaintiff of liberty in that he was required to appear in court three times after his arraignment.

   25.  During a January 23, 2013 court appearance, the false charges of possession of marijuana were adjourned in contemplation of dismissal pursuant to N.Y.C.P. L. ₴ 170.55.

   26.  Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was incarcerated for 23 hours and 19 minutes and suffered a loss of liberty, emotional distress, fear, anxiety, embarrassment, humiliation and pain and physical injuries.  Plaintiff did not receive medical or mental health treatment as a result of defendants' conduct.

### FIRST CLAIM
### (FALSE ARREST)

   27.  Plaintiff repeats the foregoing allegations.

   28.  Defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM

### (UNREASONABLE FORCE)

29.     Plaintiff repeats the foregoing allegations.

30.     Defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force on him.

## THIRD CLAIM

### (ILLEGAL STRIP SEARCH)

31.     Plaintiff repeats the foregoing allegations.

32.     Defendants are liable to plaintiff under the Fourth Amendment for illegally strip searching him on two occasions.

## FOURTH CLAIM

### (DENIAL OF A FAIR TRIAL)

33.     Plaintiff repeats the foregoing allegations.

34.     Defendants are liable to plaintiff under the Sixth Amendment for denying him a fair trial.

## FIFTH CLAIM

### (FAILURE TO INTERVENE)

35.     Plaintiff repeats the foregoing allegations.

36.     Defendants are liable to plaintiff under the Fourth and Sixth Amendments for not intervening to prevent the violation of plaintiff's constitutional rights, despite having a reasonable opportunity to do so.

## SIXTH CLAIM

### (FALSE ARREST UNDER STATE LAW)

37.     Plaintiff repeats the foregoing allegations.

38. Defendants are liable to plaintiff under New York state law for false arrest.

## SEVENTH CLAIM

### (ASSAULT)

39. Plaintiff repeats the foregoing allegations.

40. Defendants are liable to plaintiff under New York state law for assault.

## EIGHTH CLAIM

### (BATTERY)

41. Plaintiff repeats the foregoing allegations.

42. Defendants are liable to plaintiff under New York state law for battery.

## NINTH CLAIM

### (VICARIOUS LIABILITY CLAIM AGAINST CITY OF NEW YORK)

43. Plaintiff repeats the foregoing allegations.

44. Defendants were acting within the scope of their employment as members of the NYPD at all relevant times herein.

45. Accordingly, the City of New York is vicariously liable to plaintiff under New York state law for false arrest, assault and battery.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as the Court may deem just and proper.

DATED: June 8, 2013

        /s/
        _____
        RICHARD CARDINALE
        Attorney at Law
        26 Court Street, Suite # 1815
        Brooklyn, New York 11242
        (718) 624-9391
        richcardinale@gmail.com (not for service)